UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – SHASTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ERIC D. HARGAN, Acting Secretary of the Department of Health and Human Services,<br><br>Defendant. | No. 2:17-cv-00069-TLN-KJN<br>No. 2:17-cv-00071-TLN-KJN<br>No. 2:17-cv-00072-TLN-KJN<br>No. 2:17-cv-00073-TLN-KJN<br>No. 2:17-cv-00074-TLN-KJN<br>No. 2:17-cv-00082-TLN-KJN<br>No. 2:17-cv-00431-TLN-KJN<br><br>**ORDER** |

Plaintiff and Defendant are the sole parties to the seven related cases identified in the caption (collectively, "Related Cases"). In each of the Related Cases, Defendant has filed a Request to Seal that is substantially identical. As relevant here, the parties legal dispute in each of the Related Cases "concerns whether Plaintiff's provision of inpatient hospital services to a Medicare beneficiary was reasonable and necessary as required for reimbursement under Title XVIII of the Social Security Act, 42. U.S.C. §§ 1395 *et seq*." (Request to Seal at 1.)[1] In short, Defendant requests that the Certified Administrative Record ("CAR") for each of the Related Cases "be filed and kept permanently under seal." (Request to Seal at 1.) Defendant states that

---
[1] Requests to Seal are not docketed. Consequently, the Court will cite to the pagination as it appears on the original document. The Court will refer to "Request to Seal" in citations because there is no material difference between the Requests to Seal.

1

the CAR that underlies each action "contains hundreds of pages of confidential medical records and personal identifying information." (Request to Seal at 1.)

Ninth Circuit precedent recognizes a strong common law presumption in favor of public access to court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Defendant bears the burden of overcoming this presumption by demonstrating there is a "compelling reason" for sealing the requested items. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Defendant cites several district court opinions from within the Ninth Circuit for the proposition that a patient's medical records and personal identifying information are sufficiently "compelling reasons" to justify protecting such information from disclosure under this standard. (Request to Seal at 1.) Having carefully reviewed those cases, the Court agrees. *See, e.g.*, *Friedman v. Adams*, No. 2:13-CV-1345 JCM (CWH), 2016 WL 4134519, at *5 (D. Nev. Aug. 1, 2016) ("The need to protect sensitive medical information is a compelling reason to seal records.").

That being said, it does not necessarily follow that the entire CAR should be filed under seal. Defendant argues this should be done because "redacting all personal identifying information in the CAR . . . would likely be a burdensome and resource-intensive undertaking." (Request to Seal at 2.) In support of this, Defendant notes that "[i]n litigation involving a similar dispute between Defendant and Prime Healthcare Services with an administrative record of comparable size and content, redacting the record required approximately 20 hours of paralegal time and eight hours of attorney-review time." (Request to Seal at 2.) Defendant's position is not unique and neither is the Court's recognition of Defendant's "good motives in attempting to protect Plaintiff's confidential information from view." *Koloff v. Metro. Life Ins. Co.*, 1:13-cv-02060 AWI JLT, 2014 WL 12572867, at *2 (E.D. Cal. July 2, 2014). Given the nature of this case, the Court is aware "there is a substantial amount of information that may well fit the standard for sealing, and that it would be an easier course to simply treat the entirety of the record as if it were colored with the same dye." *Lisa O. v. Blue Cross of Idaho Health Serv., Inc.*, Case No.: 12-cv-00285-EJL-REB, 2014 WL 12614479, at *2 (D. Idaho July 30, 2014). "But, the law does not permit such a course." *Id*. This is presumably why Defendant was not permitted to do

this in above-referenced action.

In short, Defendant essentially acknowledges it seeks to seal more than is necessary to serve the compelling interest it has identified. Consequently, Defendant's Request to Seal in each of the Related Cases must be denied. Defendant may renew his request to seal in accordance with Local Rule 141(b). In doing so, Defendant should include a proposed redacted copy of the CAR as part of his submission. Moreover, in light of the Ninth Circuit's recent recognition of a "qualified First Amendment right of access" to civil proceedings, Defendant should address this standard in its renewed request. *Courthouse News Service v. Planet*, 750 F.3d 776, 785-787 (9th Cir. 2014).

Due to the size of the CARs, the Court will grant Defendant 45 days within which to renew its Requests to Seal.

IT IS SO ORDERED.

Dated: November 6, 2017

Troy L. Nunley
United States District Judge